IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAIʻI

BEAU HAWKES,

    Plaintiff,

    vs.

TRINIDAD ALCONCEL, *et al.*,

    Defendants.

Case No. 25-cv-00229-DKW-KJM

**ORDER GRANTING DEFENDANTS' MOTION TO DISMISS[1]**

On January 22, 2026, Defendant Maui Police Department ("MPD"), Kyle Nagano, Keola McKee, Trinidad Alconcel, Jerry Barrera, Lean J. Gumboc, James Kahuhu, Gregory Boteilho, Bryan Manlapao, Brenden Fujii, and Jhun-Lee Casio ("Defendants") filed a motion to dismiss *pro se* Plaintiff Beau Hawkes' Second Amended Complaint ("SAC"). Dkt. 12. Hawkes did not respond to the motion to dismiss.

Having reviewed the SAC, the motion to dismiss, and the relevant legal authorities, the Court agrees that dismissal is appropriate. Accordingly, the motion to dismiss is GRANTED, as explained below.[2]

---

[1]Pursuant to Local Rule 7.1(c), the Court finds these matters suitable for disposition without a hearing.

[2]On March 24, 2026, Hawkes filed a motion for temporary restraining order ("TRO"), Dkt. No. 66, which Defendants oppose, Dkt. No. 68. Hawkes did not reply. Hawkes requests a TRO to halt Defendants from conducting "illegal searches and seizures" on him in the manner described in the SAC. Dkt. No. 66. A plaintiff seeking a TRO "must establish that he is likely to succeed on the

## FACTUAL & PROCEDURAL BACKGROUND

On May 19, 2025, Hawkes initiated this action in Hawaiʻi state court. Dkt. No. 1-1. On June 2, 2025, the action was removed to this Court by MPD. Dkt. No. 1. On June 17, 2025, Hawkes filed his First Amended Complaint ("FAC"). Dkt. No. 10. In his FAC, Hawkes asserted various claims pursuant to *Monell v. Dep't of Soc. Servs.*, 436 U.S. 658 (1978), state law, and 42 U.S.C. §§ 1983 and 1985, arguing that his rights had been violated during an encounter with MPD officers on May 20, 2023. *Id.*

Defendants moved to dismiss Hawkes' official-capacity claims against the individual Defendants, Fourteenth Amendment claims under Section 1983, conspiracy claims under Section 1985, and *Monell* and supervisory liability claims. Dkt. Nos. 12 & 43. Defendants did not move to dismiss Hawkes' state-law claims or claims for violations of the Fourth Amendment under Section 1983.

On December 9, 2025, the Court granted Defendants' motion, concluding that 1) Hawkes' official-capacity claims against the individual Defendants were duplicative of his claims against the MPD; and 2) Hawkes had failed to state *Monell*,

---

merits, that he is likely to suffer irreparable harm in the absence of preliminary relief, that the balance of equities tips in his favor, and that an injunction is in the public interest." *Winter v. Nat'l Res. Defense Council*, 555 U.S. 7, 24 (2008). Because the Court, for the reasons described below, has granted dismissal of Hawkes' SAC, he cannot succeed on the merits of non-existent claims. Accordingly, the TRO request is DENIED. *See Global Horizons, Inc. v. U.S. Dep't of Labor*, 510 F.3d 1054, 1058 (9th Cir. 2007) (holding that if a party "has not shown any chance of success on the merits, no further determination of irreparable harm or balancing of hardships is necessary.")

Section 1983 and 1985, and supervisory liability claims.  Dkt. No. 56.  The Court dismissed Hawkes' official-capacity claims against the individual Defendants and Fourteenth Amendment due process claims with prejudice and otherwise gave leave to amend all other claims.  *Id*. at 19.

On January 8, 2026, Hawkes filed his SAC, a 149-page document that bore little resemblance to his earlier pleadings.  Dkt. No. 58.  Rather than focus on a single incident from May 2023, the SAC instead offers a meandering chronicle of various stops, altercations, or disputes Hawkes has had with members of the MPD since 2017, punctuated with random website links and police reports copied-and-pasted throughout.  *See generally id*.  Several of the events discussed within took place in October 2025, after the original complaint was filed.  *Id*. at 98–106.  Moreover, only a handful involved any of the individual Defendants, with the rest instead concerning random MPD officers not named as Defendants.  *See, e.g.*, *id*. at 49–78.[3]

As for the May 20, 2023 incident, the SAC repeats the allegations of Hawkes' FAC nearly verbatim.  *Compare* Dkt. No. 10 *with* Dkt. No. 58 at 29–38.  Hawkes alleges that he had been in an altercation with a business owner, whom Hawkes believed had removed QR code signs Hawkes had posted nearby.  Dkt. No. 58 at 29.

---

[3]Defendants have compiled a summary list of the incidents covered in the SAC, which they have filed with the Court.  Dkt. No. 64.  In total, the SAC recounts 14 separate altercations from July 2014 to October 2025.  Of the 149 pages in the SAC, only 9 pages contain Hawkes' allegations related to the May 20, 2023 incident that was the subject of his earlier pleadings.  *See* Dkt. No. 58 at 29–38.

During the confrontation, which Hawkes filmed, the owner threatened and shoved Hawkes. *Id*. at 30. In response, Hawkes "retrieve[d] his Byrna pepper-ball launcher" and "used it in self-defense" against the owner. *Id*. In addition to Hawkes' own footage, several witnesses saw the incident, and nearby CCTV cameras captured it. *Id*. at 30–34.

Hawkes was arrested by the MPD, had his pepper-ball launcher seized, and was charged with two counts of assault, which were later dismissed without prejudice. *Id*. at 37. In January 2024, a grand jury indicted Hawkes, but the case, according to him, was dismissed due to "prosecutorial misconduct." *Id*. at 37–38. Hawkes alleges that his arrest and indictment were due to the actions of the individual Defendants, all of them MPD officers, who ignored the recordings and witnesses of the incident, mischaracterized what occurred in their police reports, and perjured themselves before the grand jury. *Id*. at 34–38.

In the SAC, Hawkes summarized his claims this way:

> The nature of this case involves allegations of civil rights violations pursuant to 42 U.S.C. § 1983, conspiracy to interfere with civil rights under 42 U.S.C. § 1985, false arrest, malicious prosecution, intentional infliction of emotional distress, negligent infliction of emotional distress, and negligence. Additionally, this case asserts a claim against a municipal entity under the Monell doctrine for failure to train, supervise, or discipline, which is alleged to have led to constitutional violations as a result of the incident involving [Hawkes] and John Webby that occurred on May 20, 2023. [Hawkes] also asserts supervisory liability for the actions and omissions of subordinates that resulted in the deprivation of [Hawkes's] rights protected under the United States Constitution.

*Id*. at 2, 106–18.

On January 22, 2026, Defendants moved to dismiss, arguing that 1) the SAC's length and obscure contents violated the pleading requirements of Fed.R.Civ.P. 8; 2) Hawkes failed to plausible allege any federal claims; and 3) the remaining state-law claims should be dismissed for lack of jurisdiction or failure to state a claim. Dkt. No. 63.  Hawkes did not respond to the motion to dismiss.

## STANDARD OF REVIEW

Federal Rule of Civil Procedure 12(b)(6) authorizes the Court to dismiss a complaint that fails "to state a claim upon which relief can be granted."  Rule 12(b)(6) is read in conjunction with Rule 8(a), which requires "a short and plain statement of the claim showing that the pleader is entitled to relief."  Fed.R.Civ.P. 8(a)(2).  Pursuant to *Ashcroft v. Iqbal*, "[t]o survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'"  556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)).  In addition, "the tenet that a court must accept as true all of the allegations contained in a complaint is inapplicable to legal conclusions." *Ashcroft*, 556 U.S. at 678.  Accordingly, "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Id.*  Rather, "[a] claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the

- 5 -

defendant is liable for the misconduct alleged." *Id.* Factual allegations that only permit the court to infer "the mere possibility of misconduct" do not show that the pleader is entitled to relief, as required by Rule 8(a)(2). *Id.* at 679.

When a complaint fails to state a plausible claim, leave to amend should be given when "justice so requires." Fed.R.Civ.P. 15(a)(2). Indeed, the Ninth Circuit has made clear that "a district court should grant leave to amend even if no request to amend the pleading was made, unless it determines that the pleading could not possibly be cured by the allegation of other facts." *Lopez v. Smith*, 203 F.3d 1122, 1130 (9th Cir. 2000) (citations and quotation marks omitted). "[T]he rule favoring liberality in amendments to pleadings is particularly important for the *pro se* litigant." *Id.* at 1131 (citation and internal quotation marks omitted). However, justice does not require leave to amend when (1) it would prejudice an opposing party, (2) it is sought in bad faith, (3) it would produce an undue delay in litigation, (4) it would be futile, or (5) there has been repeated failure to cure a deficiency. *Abagninin v. AMVAC Chem. Corp.*, 545 F.3d 733, 742 (9th Cir. 2008); *AmerisourceBergen Corp. v. Dialysist West, Inc.*, 465 F.3d 946, 951 (9th Cir. 2006).

The Court liberally construes a pro se pleading. *Eldridge v. Block*, 832 F.2d 1132, 1137 (9th Cir. 1987). However, the Court cannot act as counsel for a pro se litigant, such as by supplying the essential elements of a claim. *Pliler v. Ford*, 542

- 6 -

U.S. 225, 231 (2004); *Ivey v. Bd. of Regents of Univ. of Alaska*, 673 F.2d 266, 268 (9th Cir. 1982).

## DISCUSSION

Before the Court is Defendants' motion to dismiss.  Dkt. No. 63.  The Court addresses each of the motion's arguments below.

## I.      Rule 8

Defendants argue that the SAC violates federal pleading rules.  Dkt. No. 63 at 7–8.  There is no question that it does.

In dismissing Hawkes' FAC, the Court granted him leave to file an amended complaint curing the deficiencies the Court identified.  Dkt. No. 56 at 19.  Instead, Hawkes has filed a long, rambling document, full of extraneous detail with little resemblance or relevance to his original claims.  Leave to amend was not an open invitation for Hawkes to file whatever he pleased; his filing was still expected to obey the federal pleading rule that demands a complaint contain "short and plain statement[s] of the claim[s]" that he wished to pursue.  Fed. R. Civ. P. 8(a)(2); *see also Cafasso, U.S. ex rel. v. Gen. Dynamics C4 Sys., Inc.,* 637 F.3d 1047, 1058 (9th Cir. 2011) ("[W]e have never held—and we know of no authority supporting the proposition—that a pleading may be of unlimited length and opacity.").

Hawkes' SAC, besides being overly long, violates that rule by focusing almost entirely on unrelated claims or events with no connection to the May 20, 2023

altercation that formed the basis of his FAC. *See Arocha v. CDCR*, 2024 WL 1354442, at *1 (N.D. Cal. Mar. 29, 2024) (dismissing amended complaint because its "length, prolixity, and unrelated claims" violated Rule 8); *McHenry v. Renne*, 84 F.3d 1172, 1177 (9th Cir. 1996) (affirming dismissal pursuant to Rule 8 of complaint that was "argumentative, prolix, replete with redundancy," and "consist[ed] largely of immaterial background information"). The majority of these events did not even involve the Defendants—they allege only run-ins with other MPD officers. To the extent that Hawkes is trying to assert claims against those random officers, he has failed to properly join them as parties and, regardless, his SAC is not the appropriate means of bringing unrelated claims. *See* Fed. R. Civ. P. 20(a)(2) (requiring that claims be based on "the same transaction, occurrence, or series of transactions or occurrences" and pose a "question of law or fact common to all defendants"); *Silverman v. Lane*, 2019 WL 4040111, at *6 (N.D. Cal. Aug. 27, 2019) ("'Unrelated claims against different defendants belong in different suits[.]'" (quoting *George v. Smith*, 507 F.3d 605, 607 (7th Cir. 2007)).

Violations of federal pleading rules "warrant dismissal." *Knapp v. Hogan*, 738 F.3d 1106, 1109 (9th Cir. 2013). Accordingly, the Court dismisses any and all of Hawkes' claims unrelated to the May 20, 2023 incident.[4]

---

[4]Hawkes' violation of Rule 8 would allow the Court to simply dismiss the SAC as a whole. *Knapp*, 738 F.3d at 1109. For the sake of completeness, the Court nevertheless addresses his remaining claims, *e.g.* those relating to the May 2023 incident, below.

## II.    Hawkes' Uncured Claims

When the Court granted leave to amend, it outlined for Hawkes the issues with his FAC and how to address those issues in a subsequent filing.  Specifically, the Court informed Hawkes that he had failed to state his claims for equal protection,[5] Section 1985 conspiracy, *Monell* and supervisory liability, and would need to allege additional facts in order to cure those pleading deficiencies.  Dkt. No. 56 at 8–18.

Instead, Hawkes' SAC simply repeats his original allegations without any material alteration.  *See* Dkt. No. 58.  All of Hawkes' efforts seem to have been focused on adding unrelated details about other incidents with the MPD, rather than fixing the problems the Court identified with his claims.  Because Hawkes has made no meaningful effort to cure the claims the Court previously dismissed, those claims fail for the same reason as before: inability to state a claim for relief.  *See Logan v. Gamboa*, 2018 WL 1535487, at *3 (E.D. Cal. Mar. 29, 2018) (finding that an amended complaint's allegations were "identical to the allegations in the original complaint, which [plaintiff] was previously advised were insufficient" and "[b]ecause the claims in the first amended complaint are identical to those in the original complaint, they also fail to state a claim").  Accordingly, these claims are dismissed.

---

[5]Hawkes does not list his equal protection claims among the causes of action in his SAC but nevertheless states at various points that his right to "equal protection of the law" was violated by Defendants.  Dkt. No. 58 at 106–07.

**III.    Section 1983 Fourth Amendment Claims**

Hawkes' sole remaining federal-law claim is that of violations of the Fourth Amendment under Section 1983, wherein Hawkes claims that he was "subjected to violation of his Constitutional Rights . . . against unreasonable searches and seizures and warrants without probable cause."  Dkt. No. 58 at 106–07.  Defendants argue that this claim must be dismissed because, even as described by Hawkes, there existed probable cause for his arrest.  Dkt. No. 63 at 8–11.  The Court agrees.

To prevail on a Section 1983 Fourth Amendment claim, a plaintiff must "demonstrate that there was no probable cause to arrest him."  *Cabrera v. City of Huntington Park*, 159 F.3d 374, 380 (9th Cir. 1998); *see also Picray v. Sealock*, 138 F.3d 767, 770 (9th Cir. 1998) (holding that a warrantless seizure "does not violate the Fourth Amendment if the officers had probable cause"); *Hendrickson v. Thurston Cnty.*, 2008 WL 5186538, at *10 (W.D. Wash. Dec. 10, 2008) ("Probable cause is a complete defense to a Section 1983 claim brought under the Fourth Amendment."). "Probable cause to arrest exists when officers have knowledge or reasonably trustworthy information sufficient to lead a person of reasonable caution to believe that an offense has been or is being committed by the person being arrested."  *United States v. Lopez*, 482 F.3d 1067, 1072 (9th Cir. 2007).

Hawkes' own SAC makes clear that Defendants had probable cause to arrest. In addition to his own allegations, Hawkes' attaches the police report of the May 20,

2023 incident to his SAC.[6]  Dkt. No. 58 at 121–49.  Hawkes alleges, and the police report reflects, that the Defendant officers arrived at the scene and took statements from Hawkes, the business owner he had fought with, and several eyewitnesses to the fight.  *Id*. at 30–33, 127–49.  Both the owner and each eyewitness attested that Hawkes and the owner had gotten into a fight and, as a result, Hawkes had shot the owner several times with his pepper-ball launcher.  *Id*. at 127–49.

Consistent statements from victims in an alleged crime and those of eyewitnesses are sufficient to establish probable cause.  *See Peng v. Mei Chin Penghu*, 335 F.3d 970, 976 (9th Cir. 2003) ("A sufficient basis of knowledge is established if the victim provides facts sufficiently detailed to cause a reasonable person to believe that a crime has been committed and the named suspect was the perpetrator."); *United States v. Elliott*, 893 F.2d 220, 223 (9th Cir. 1990) ("A detailed eye-witness report of a crime is self-corroborating; it supplies its own indicia of reliability." (internal quotation marks omitted)).  Here, both the owner and each witness agreed that Hawkes had been in the fight and deployed his pepper-ball launcher against the owner.  Hawkes' SAC says the very same thing. These facts demonstrate probable cause for assault and therefore for his arrest.  *See Meza v. City*

---

[6]The Court may consider the police report when evaluating Defendants' motion because Hawkes not only refers to it, but attaches it to his SAC.  *See U.S. v. Ritchie*, 342 F.3d 903, 907–08 (9th Cir. 2003) (holding that courts may incorporate materials outside the complaint by reference when they are referred to by the plaintiff and "form[] the basis of the plaintiff's claim").

*of Los Angeles*, 2009 WL 1476985, at *7 (C.D. Cal. May 26, 2009) ("An identification by a victim and eye-witness of his or her assailant is sufficient grounds to give rise to probable cause.").

Notably, Hawkes does not dispute his involvement in the fight, nor claim mistaken identity. Nor does he even dispute deploying his pepper-ball launcher at his businessman-foe. Rather, Hawkes' only argument is that the incident was self-defense, and that Defendants ignored this in order to make the arrest. Dkt. No. 58 at 33–34. The possibility of self-defense does not, however, defeat a finding of probable cause. *See Yousefian v. City of Glendale*, 779 F.3d 1010, 1014 (9th Cir. 2015) ("The mere existence of some evidence that could suggest self-defense does not negate probable cause."). Accordingly, Hawkes' SAC supports a finding of probable cause and, therefore, fails to allege any Fourth Amendment violation. *See Telly v. City of Los Banos*, 2012 WL 4646621, at *7 (E.D. Cal. Oct. 2, 2012) ("Because probable cause existed, there was no Fourth Amendment violation.").

## IV. Supplemental Jurisdiction

Hawkes' remaining claims for intentional infliction of emotional distress, negligent infliction of emotional distress, and negligence are all founded in state law. Where, as here, all federal claims are dismissed before trial, the exercise of jurisdiction over the remaining state claims is a matter of the Court's discretion. *United Mine Workers v. Gibbs*, 383 U.S. 715, 726 (1966). Although neither

retention nor dismissal is mandatory, "in the usual case in which all federal-law claims are eliminated before trial, the balance of factors to be considered under the pendent jurisdiction doctrine—judicial economy, convenience, fairness, and comity—will point toward declining to exercise jurisdiction over the remaining state-law claims." *Carnegie–Mellon Univ. v. Cohill*, 484 U.S. 343, 350 n.7 (1988), *superseded on other grounds by statute as recognized in Fent v. Okla. Water Res. Bd.*, 235 F.3d 553, 557 (10th Cir. 2000).

That is precisely the case here. Neither fairness, nor judicial economy nor convenience to the parties counsel in favor of retaining jurisdiction. As this case is in its early stages, this Court has yet to invest the significant time that might counsel in favor of retaining the state law claims. Moreover, the remaining claims concern alleged state law violations and "decisions of state law should be avoided both as a matter of comity and to promote justice between the parties by procuring for them a sure-footed reading of applicable law." *United Mine Workers*, 383 U.S. at 726. Having carefully considered the relevant factors, the Court declines to exercise supplemental jurisdiction over the remaining state law claims and dismisses them without prejudice. *See Carnegie-Mellon Univ.*, 484 U.S. at 350 (holding that when "the balance of these factors indicates that a case properly belongs in state court . . . the federal court should decline the exercise of jurisdiction by dismissing the case without prejudice").

## V.     Leave to Amend

When a complaint fails to state a plausible claim, leave to amend should be given when "justice so requires." Fed.R.Civ.P. 15(a)(2). However, justice does not require leave to amend when (1) it would prejudice an opposing party, (2) it is sought in bad faith, (3) it would produce an undue delay in litigation, (4) it would be futile, or (5) there has been repeated failure to cure a deficiency. *Abagninin v. AMVAC Chem. Corp.*, 545 F.3d 733, 742 (9th Cir. 2008); *AmerisourceBergen Corp. v. Dialysist West, Inc.*, 465 F.3d 946, 951 (9th Cir. 2006).

Here, Hawkes has already had multiple opportunities to amend his pleadings. *See* Dkt. Nos. 10 & 56. In its prior order, the Court informed Hawkes of a number of deficiencies that plagued his FAC. Dkt. No. 56. Rather than amend his pleadings to cure those issues, Hawkes chose to tack on reams of unnecessary allegations while leaving his original, deficient pleadings intact. Because the Court already afforded Hawkes the chance to fix his complaint, and because Hawkes made no effort to refute Defendants' contentions or explain why he ought to receive another chance by filing an opposition brief, the Court declines to grant leave again. *See Ascon Props., Inc. v. Mobil Oil Co.,* 866 F.2d 1149, 1160 (9th Cir. 1989) ("[T]he district court's discretion to deny leave to amend is particularly broad where plaintiff has previously amended the complaint."); *see also Logan*, 2018 WL 1535487, at *3 (dismissing without leave to amend because the court "previously advised [plaintiff]

of the deficiencies with his claims . . . and, rather than addressing those deficiencies, [plaintiff] chose to simply repeat the same allegations"). The SAC is therefore dismissed without leave to amend.

## CONCLUSION

For the reasons set forth herein, Defendants' Motion to Dismiss the SAC, Dkt. No. 63, is GRANTED. Hawkes' federal claims are DISMISSED WITH PREJUDICE and WITHOUT LEAVE TO AMEND. His state-law claims are DISMISSED WITHOUT PREJUDICE.

The Clerk is instructed to enter Judgment pursuant to this Order in favor of Defendants and to then close this case.

IT IS SO ORDERED.

DATED: May 11, 2026 at Honolulu, Hawaiʻi.



Derrick K. Watson
Chief United States District Judge

_Beau Hawkes vs. Trinidad Alconcel, et al_; Civil No. 25-00229 DKW-KJM;
**ORDER GRANTING DEFENDANTS' MOTION TO DISMISS**